Filed 7/9/26  P. v. Martinez CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>MARIANO MARTINEZ,<br><br>      Defendant and Appellant. | G065376<br><br>(Super. Ct. No. 09NF1710)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard M. King, Judge. Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

\*          \*          \*

Defendant Mariano Martinez appeals from an order denying his request for resentencing pursuant to Penal Code section 1172.6.[1] Martinez's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 to inform the court that counsel had found no arguable issues and to request that we exercise our discretion to conduct an independent review of the record. Counsel also suggested one issue for our consideration.

Martinez was given the opportunity to file a supplemental brief on his own behalf and was given notice pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) that if no supplemental brief was filed, the court might dismiss the appeal as abandoned. He did not file a supplemental brief. We nonetheless exercise our discretion to conduct an independent review of the record (*Delgadillo, supra*, 14 Cal.5th at p. 232) and find no arguable issues on appeal. We therefore affirm.

FACTS

In 2009, Martinez and three fellow gang members were driving in a car, hunting for rival gang members. Martinez was the driver. They spotted the victim, Ricardo Cordova. Two of the gang members exited the vehicle (not including Martinez) and asked Cordova where he was from. Although Cordova denied gang affiliation, one of the two gang members shot Cordova in the neck with a handgun.

PROCEDURAL HISTORY

On July 29, 2015, Martinez pleaded guilty to the following: (1) willful, deliberate, and premeditated attempted murder in violation of sections 187, subdivision (a) and 664, subdivision (a); (2) participation in the

---

[1] All statutory references are to the Penal Code.

2

activities of a criminal street gang in violation of section 186.22, subdivision (a); and (3) possession of a deadly weapon in violation of section 12020, subdivision (a)(1). Martinez admitted a firearm enhancement under section 12022.53, subdivisions (c) and (e)(1).

As a factual basis for his plea, Martinez stated the following: "on May 20, 2009, I did unlawfully and with the intent to kill, attempted [sic] to kill JOHN DOE while I was an active participant in Chicanos Kicking Ass ('CKA'), a criminal street gang, with the specific intent to benefit, promote, further, and assist in criminal conduct by CKA. During the commission of this attempted murder, as an active participant of CKA with the intent to benefit CKA, I vicariously discharged a firearm."

Martinez was sentenced to a determinate sentence of 29 years and eight months in state prison.

On July 7, 2021, Martinez filed a petition for resentencing pursuant to former section 1170.95 (now section 1172.6). Attached to his petition, Martinez submitted a declaration stating he was the driver but "did not know someone was going to get killed." The trial court initially denied the petition at the prima facie stage, but in a prior appeal, another panel of this court reversed and remanded with instructions to issue an order to show cause. (*People v. Reyes* (June 20, 2022, G060475) [nonpub. opn.].)

On remand, the court held an evidentiary hearing on Martinez's petition. At the conclusion of the hearing, the court denied the petition. It found Martinez was a direct aider and abettor in the attempted murder had acted with the intent to kill.

Martinez appealed. His appointed counsel filed a *Wende* brief finding no arguable issues. The only specific issue counsel suggested was: "Did the trial court prejudicially err in its evidentiary rulings admit[ing] the

testimony of Investigator Brown[e] regarding gang testimony[?]" More generally, counsel asked the court to consider: "Did the trial court err in denying appellant's petition?"

DISCUSSION

Counsel has suggested that we examine whether the trial court erred in admitting the preliminary hearing testimony of Investigator Browne, who offered background testimony about the gangs involved in this incident and about gang culture in general. Section 1172.6, subdivision (d)(3), provides, "The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed." Investigator Browne's testimony was evidence admitted at a prior hearing and thus admissible at the evidentiary hearing unless another section of the Evidence Code precluded it. In selecting which portions of Investigator Browne's testimony to offer, the prosecutor stated he was "careful to avoid any hearsay issues," including any testimony that would run afoul of *People v. Sanchez* (2016) 63 Cal.4th 665, which, in most cases, bars expert testimony about case-specific testimonial hearsay.

Unfortunately, we do not have the actual exhibit from the hearing that contains the portions of the preliminary hearing transcript submitted to the trial court. Martinez attempted to cure this omission by filing a second motion to augment the record with the clerk's transcript from a prior appeal (case No. G047950), which contains a transcript of the preliminary hearing. Although we grant that motion, it is of little assistance, because the record is clear that the prosecutor in this case did not proffer the entire transcript into evidence. What we do have is a six page document from

4

the prosecution describing in detail the portions of Browne's testimony that were submitted to the court. Having reviewed that summary, there does not appear to be any error in admitting the testimony. Further, the court commented on the portion of the transcript that it reviewed, stating, "I don't think that [Investigator] Brown[e] said anything at the preliminary hearing that was fact specific of Mr. Martinez. Whether it's inadmissible hearsay or he made an observation. I don't see that." Based on the record we have, therefore, we find no error.

More generally, we find no error in the court's ruling. To establish that Martinez was a direct aider and abettor to attempted murder, and thus still guilty of attempted murder under current law, the prosecution was required to prove four elements: "1. The perpetrator committed the crime; [¶] 2. The defendant knew that the perpetrator intended to commit the crime; [¶] 3. Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime; [¶] AND [¶] 4. The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime." (CALCRIM 401.)

There was no dispute about the first element—one of Martinez's fellow gang members shot the victim and was guilty of attempted murder. Nor was there much dispute about the fourth element since Martinez admitted to being the driver.

The real dispute in this case came down to the second and third elements—the mens rea. On the one hand, Martinez claimed in his declaration that he did not know his fellow gang members planned to kill someone. On the other, Martinez stated in this plea that he acted with the intent to kill. This simply created a conflict in the evidence that the trial court had to resolve. On appeal, we must resolve all conflicts in the evidence

5

in support of the judgment. (*People v. Wilson* (2025) 111 Cal.App.5th 1020, 1036-1037.) Accordingly, we defer to the trial court's finding that Martinez acted with intent to kill and conclude that substantial evidence supports the court's ruling.

## DISPOSITION

The court's denial of Martinez's petition for resentencing is affirmed.

SANCHEZ, J.

WE CONCUR:

MOORE, ACTING P. J.

DELANEY, J.